IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE L. ECHOLS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 23 CV 16000 |
| | ) | Judge John J. Tharp, Jr. |
| v. | ) | |
| | ) | |
| OFFICER PETER NIZNIK, | ) | |
| OFFICER ERIK ALBRIGHT, and | ) | |
| ASSISTANT CORPORATION | ) | |
| COUNSEL TOM HANSEL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendant Hansel's motion to dismiss the complaint [16] is granted. The dismissal is with prejudice. The claims against the defendant officers Niznik and Albright, and any other pending motions, are denied as moot. Final Judgment will be entered. Civil case terminated.

**STATEMENT**

This case is related to Case Number 20-CV-2226. In that case, the plaintiff asserted a claim, supported by multiple legal theories, against defendant Officers Peter Niznik and Erik Albright. In another ruling issued contemporaneously with this ruling, the Court has granted summary judgment in favor of Officers Niznik and Albright in the 2226 case. The facts and claim in this case as to the officers are substantively the same as asserted in this case, *see* Case No. 20-CV-2226, ECF No. 16 (Second Amended Complaint), and the entry of summary judgment for the officers moots the claims asserted in this case.

The only thing new in this case is the addition of Assistant Corporation Counsel Tom Hansel as a defendant. Mr. Hansel prosecuted the initial hearing on the impoundment of Mr. Echols' car in August 2019. Count VII of the complaint in this case asserts a malicious prosecution claim against Mr. Hansel.[1] Mr. Echols alleges that Mr. Hansel argued at the hearing that the impoundment was lawful because of the drugs found in the vehicle when, in fact, "the true issue was whether the car should have been impounded at all given that plaintiff was driving on a valid Indiana license." Compl. ¶ 16. Mr. Echols' premise is that his Illinois license was not suspended

---

[1] The malicious prosecution claim is also directed at Officer Albright, but as noted above, the claim is moot as to Officer Albright (and Officer Niznik) because the court has found that the officers had probable cause to believe that Mr. Echols was driving on a suspended license in violation of Illinois law.

but had been surrendered when he obtained his Indiana license, and that there was no lawful basis to impound the car. *Id*. at ¶13.

Putting aside the evidence adduced in Case No. 20-CV-2226 that establishes that Illinois records reported that his Illinois license was suspended when he was stopped by Officers Albright and Niznik,[2] Mr. Echols' new claim fails because Mr. Hansel enjoys absolute immunity for prosecutorial acts. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "To free the judicial process from the harassment and intimidation associated with frivolous litigation, the Supreme Court has held that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages." *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000). "The immunity covers civil proceedings where the prosecutor "'function[s] in an enforcement role analogous to' his role in criminal proceedings. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Mendenhall v. Goldsmith*, 59 F.3d 685, 691 (7th Cir. 1995)." *Shachter v. City of Chicago*, 848 F. App'x 208, 209 (7th Cir. 2021). As such, it applies not only to state prosecutors, but also to municipal attorneys conducting enforcement litigation. *See*, *e.g.*, *id*. (affirming absolute immunity of city attorneys prosecuting municipal code violations); *Johnson v. City of Joliet*, No. 1:04CV06426, 2006 WL 1793574, at *5 (N.D. Ill. June 27, 2006) (absolute immunity bars claim against Assistant Corporation Counsel who was acting within scope of her authority when she filed the Ordinance Violation Complaint); *Saniat v. City of Chicago*, No. 96 C 5191, 1997 WL 45304, at *2 (N.D. Ill. Jan. 30, 1997) (Chicago Corporation Counsel and Assistant Corporation Counsel shielded by absolute prosecutorial immunity).

Mr. Echols makes no argument that Mr. Hansel was acting outside the scope of his prosecutorial function. To the contrary, he expressly alleges that Mr. Hansel "prosecuted the impoundment of the plaintiff's red Corvette," Compl. ¶ 16, and makes no allegation that Mr. Hansel had anything to do with the investigation of Mr. Echols' conduct prior to that proceeding. He does maintain that Hansel knew or should have known that the information provided by Officer Albright concerning Mr. Echols' license was false, but that does nothing to advance his malicious prosecution claim since "absolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" *Smith v. Power*, 346 F.3d at 742 (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)).

The plaintiff's only argument in defense of his claim against Mr. Hansel is that *Imbler* and its progeny were wrongly decided and make for bad public policy. ECF No. 18, Response, at 1 ("Defendant Hansel should not be given absolute immunity, because the court in *Imbler v. Pachtman*, 424 US [sic] 409 (1976), misinterpreted the cases it relied on to reach its holding."). That is an argument for the Supreme Court, not this one. *Imbler* is binding upon this court until the Supreme Court says otherwise. As the Court has repeatedly confirmed: "If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this

---

[2] That evidence supported summary judgment in favor of the officers in Case No. 20-CV-2226, but does not come into play with regard to the claim against Mr. Hansel as the motion under consideration is a motion to dismiss rather than a motion for summary judgment.

2

Court the prerogative of overruling its own decisions." *Agostini v. Felton*, 521 U.S. 203, 237–38, (1997).

      The court will therefore facilitate Mr. Echols' efforts to take his argument to the Supreme Court by dismissing this case with prejudice. No amendment of the complaint will address Mr. Echols' argument, which is purely a question of law. Final Judgment will be entered on behalf of Mr. Hansel and the defendant officers.

Dated: April 29, 2025

/s/John J. Tharp, Jr.
John J. Tharp, Jr.
United States District Judge